# Moorhead *versus* The Commonwealth.

1. In partition in the Orphans' Court, it was ordered that the land be sold, and the money paid in a specified time. Plaintiff in error was surety for the trustee, who received and squandered the money, and this suit is brought for its recovery. *Held*, that in this proceeding the regularity of the proceedings in the Orphans' Court cannot be inquired into.

ERROR to the court of Common Pleas of *Westmoreland county*. The plaintiff in error was defendant below.

Andrew Nelson died intestate prior to the year 1822, leaving a widow, Mary Nelson, the plaintiff in interest in this case, and no issue but brothers and sisters, and the representatives of deceased brothers and sisters. At the time of his decease, he was seised in fee simple of certain real estate situate in Ligonier Township, Westmoreland county, upon which proceedings in partition in the Orphans' Court of Westmoreland county were had, and part of the land was taken at the appraisement, and the residue of the land after the usual rules on the heirs to appear and accept the same at the valuation, was on the 22d day of May, A. D. 1849, directed by said court to be sold, and a certain Killian Ambrose, the co-obligor of the defendant, was appointed trustee to make sale of the same, to give bond and security in $800, and Joseph Moorhead, the defendant in this suit, was approved as security, which bond was duly executed and filed. The terms of sale were one-third on confirmation, one-third in six months, and the remaining one-third in twelve months, to be secured by bond and mortgage.

The money arising from the sale was all paid to Killian Ambrose, the trustee; and an auditor having been appointed by the court, to make distribution among the heirs of said decedent, directed $227, being the one-half of the proceeds of sale after de-

[Moorhead *v.* The Commonwealth.]

ducting costs, &c., to be invested, the interest of which to be paid annually to Mary Nelson, the plaintiff, during her natural life, and at her decease the said principal sum to be paid to the heirs of said decedent.   After the lapse of a few years, the present suit was brought by the widow, Mary Nelson, on the bond, to recover the annual interest that had accrued on the $227, set apart by the auditor aforesaid.

On the trial of the cause in the court below, Joseph Moorhead, the plaintiff in error, who was only the security in the bond, contended and alleged that he ought not to be held responsible for this money, on the ground that he was only liable for the faithful application of the proceeds of sale, which the law allowed to go into the hands of the trustee, and that the Orphans' Court should have directed the one-half of the purchase-money to be, and remain a lien on the land in the hands of the purchaser, the interest of which to be paid to the widow annually during her life, and at her decease, the principal sum to the heirs, and that the bond covered but one-half of the proceeds of sale presently payable to the heirs, as the court could not by any decree authorize the widow's share to be paid to the trustee, or discharge the land in the hands of the purchaser from any liability to pay it.

The court, BURRELL, P. J., instructed the jury, that the plaintiff, (the widow) "is entitled to recover in this suit, and to allow her interest up to the time of trial, deducting at proper times the payments made."

This instruction was the error complained of.

*Foster* and *Marchand,* for plaintiff in error, referred to 43d sec., Act 1832 ; *Medlar* v. *Aulenbach,* 2 Pennsylvania Rep. 355.

*Laird,* for defendant in error.

The opinion of the court was delivered November 5, 1855, by LOWRIE, J.—Under a proceeding in partition in the Orphans' Court, the land which was the subject of it was ordered to be sold, and the trustee appointed to sell it, gave bond with Moorhead as surety, conditioned for the faithful application of the proceeds.   In ordering the sale, the court directed that the whole price should be paid within a certain period, and it was paid, and the trustee invested it, and now, when the widow sues for her annual portion of it, the surety sets up for defence that the Orphans' Court had no jurisdiction to order a sale, so as to discharge the land of the widow's portion ; he did indeed become surety, that the trustee should faithfully execute the decree, but the court had no authority to make the decree.   If possible, let us suppose it so.

Can such a question be raised in such a proceeding as this ? The Orphans' Court Act of 1832, expressly forbids it, declaring

[Carter *v.* The Commonwealth.]

in one place that that court has jurisdiction of this sort of cases, and in another that its proceedings and decrees, in all matters within its jurisdiction, shall not be reversed or avoided collaterally in any other court.   Here the parties make no objection to the proceedings, and it is vain for a stranger to expect us to disregard them in order to relieve him from a contract which he admits that he made.

Judgment affirmed.